# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| ANTHONY C. PITRE | CIVIL ACTION NO. 07-0354 |
| VS. | SECTION P |
| VENETIA MICHAEL, WARDEN | JUDGE DOHERTY |
| | MAGISTRATE JUDGE METHVIN |

## REPORT AND RECOMMENDATION

On February 22, 2007 Louisiana prisoner Anthony C. Pitre filed a *pro se* petition for writ of *habeas corpus* (28 U.S.C. §2254) attacking his 2004 conviction for unauthorized use of a motor vehicle, his subsequent adjudication as an habitual offender, and the six year hard labor sentence imposed following that adjudication in the Fifteenth Judicial District Court, Lafayette Parish. [doc. 1]  On May 11, 2007, the undersigned completed an initial review of the petition and concluded that petitioner had presented a "mixed petition" since some of petitioner's claims had not been fairly presented to the Louisiana courts and thus, as to those claims, petitioner had failed to exhaust available state court remedies as mandated by 28 U.S.C. §2254(b)(1)(A).

Based upon those observations, the undersigned noted,

* * * Petitioner is faced with a dilemma.  He has three alternatives.  He may choose to: (1) maintain this petition with the unexhausted claims with full knowledge that the entire petition will be dismissed; or (2) indicate to the court that he wishes to dismiss the unexhausted claims with full knowledge that he will risk the opportunity to present those claims in a successive petition; or (3) dismiss this entire petition so that he can exhaust all of the claims before refiling ... Of course, should petitioner choose to dismiss the entire petition and  return to the Louisiana courts to exhaust the unexhausted claims, he must do so promptly in order to avoid the possibility of a time-bar in either the state or federal court.

2

[doc. 5] Based on the foregoing, petitioner was directed to "... submit to the Clerk of Court a declaration expressly stating (1) whether he seeks review of the unexhausted claims in this court at this time, (2) whether he wishes to dismiss same, or (3) whether he wishes to dismiss this entire petition to refile at a later date after he exhausts state court remedies on <u>all</u> claims asserted herein..." [doc. 5]

On June 1, 2007 the petitioner submitted a motion to dismiss asking the Court "... to allow him to voluntarily and knowingly withdraw his entire petition for a Writ of Habeas Corpus ... so that he may return to the state courts and exhaust his unexhausted claims as stated in [the] ... Memorandum Order of May 10, 2007..."

Based upon the foregoing,

**IT IS RECOMMENDED THAT** petitioner's Voluntary Motion to Withdraw and Dismiss [doc. 6] be **GRANTED** and that his Petition for Writ of Habeas Corpus be **DISMISSED WITHOUT PREJUDICE.**

Signed at Lafayette, Louisiana, on June 25, 2007.

_____
Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)